■ INDEPENDENCE COMMUNITY BANK, Respondent, v EAST 86TH STREET, LLC, Appellant. [824 NYS2d 33]—Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered January 20, 2006, which denied defendant's motion, pursuant to CPLR 3211 (a) (1) and (7), to dismiss the complaint, unanimously reversed, on the law, with costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

According plaintiff every favorable inference, it fails to demonstrate a viable cause of action against defendant for fireproofing work that was done in a portion of the condominium building not owned by defendant landlord. Assuming that the existing fireproofing did not comply with city building code requirements, there is nothing under the parties' lease, applicable statutes or common law that effects a shift of responsibility for curing code violations to defendant. Under common-law principles, the party responsible for curing violations in the common areas would be the building owner, i.e., the condominium association, to whom plaintiff should have directed its demands even prior to the commencement of the work. Concur—Mazzarelli, J.P., Friedman, Gonzalez, Catterson and Malone, JJ.